UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 08-298-JBC

CINDY L. JOHNSON,                                                                                    PLAINTIFF,

V.                            MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE,
SOCIAL SECURITY ADMINISTRATION,                                             DEFENDANT.

* * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental social security income ("SSI") (R. 10, 11). The court will deny the plaintiff's motion and grant the defendant's motion.

I.      Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the relevant legal standards were properly applied. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25

F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

II.   **The ALJ's Determination**

At the time of the alleged disability onset date, the plaintiff was a forty-six-year-old female. *See* AR 20. She alleges disability beginning on October 18, 2004, due to a variety of physical impairments. *See* AR 13. The plaintiff filed a claim for DIB on August 4, 2005. *See* AR 13. She filed a claim for SSI on August

1, 2005. *See id.* The claims were denied initially on November 16, 2005, and again upon reconsideration on May 8, 2006. *See id.* After a hearing on December 6, 2006, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. *See* AR 13-21.

At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. *See* AR 15. At Step 2, the ALJ found that the plaintiff had severe impairments of insulin-dependent diabetes mellitus, generalized anxiety disorder, rule-out bilateral carpal tunnel syndrome, and depression not-otherwise-specified. *See* AR 15. The ALJ then determined that the plaintiff's impairments or combination of impairments did not meet or medically equal a listing in the Listing of Impairments at Step 3. *See* AR 18.

To assess the plaintiff's claim at Steps 4 and 5, the ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform light and sedentary work with no rapid or repetitive flexion or extension of the wrists; only occasional reaching, grasping, or gross motor manipulation with the hands; and no use of vibratory hand tools or work on vibrating equipment. The ALJ found that she would require entry-level work with simple repetitive procedures, no frequent changes in work routines, no requirement for detailed or complex problem-solving, and only occasional interaction with the general public – preferably work that is performed primarily with objects as opposed to people. *See* AR 18. At Step 4, the

ALJ found the plaintiff unable to perform her past relevant work as a medical assistant, quality control employee, molder, or cashier. *See* AR 19. Finally, at Step 5 the ALJ determined that due to the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform. *See* AR 20. The ALJ denied the plaintiff's claim for DIB and SSI on January 22, 2007, and the plaintiff appealed to the Appeals Council. *See* AR 9, 21. The Appeals Council denied her request for review on August 13, 2008, and she commenced this action. *See* AR 4.

**III.   Analysis**

The plaintiff puts forth seven discernible, though somewhat conclusory, arguments in her motion for summary judgment. First, she contends that the Commissioner and the ALJ failed to fully investigate her claim. The plaintiff, however, has the burden of proving that she is disabled. *See* 20 C.F.R. §§ 404.1512, 1514, 1516(c); 416.912(a), (c). The plaintiff is not unrepresented, so the ALJ's basic obligation to develop a full and fair record did not rise to a "special duty." *Lashley v. Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). The ALJ was not required to act as the plaintiff's counsel or produce evidence in her favor, *see id.*; *Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990), but he made a thorough examination of the record that was available. *See* AR 15-21. The plaintiff's argument that the ALJ failed to fully investigate her claim, without citing specific examples, does not move the

court to find a lack of substantial evidence or misapplication of relevant law.

Second, the plaintiff maintains that the ALJ failed to obtain evidence from a treating physician. However, the record considered by the ALJ, *see* AR 15-19, includes evidence from the White House Clinic, Berea Hospital, and Dr. Sandra Dionisio, AR 136-53, Ed Ross, Ph.D., AR 162-76, and consultative examiners Drs. Kevin Eggerman, AR 154-61, and Robert Hoskins, AR 177-82. The ALJ's findings show that he did not ignore evidence from physicians, including anyone the plaintiff deems as "treating." They did not contradict, but were supported by, the records from Dr. Dionisio, who examined the plaintiff on a somewhat regular basis from 2003-2005.[1] *See* AR 136-53.

Third, the plaintiff contends that the ALJ failed to consider certain impairments when determining the RFC at Step 4. Although the plaintiff does not specify which impairments, the ALJ considered objective medical evidence and opinion concerning the plaintiff's conditions in assessing her RFC. *See* AR 15-18, 136-179; *See* 20 C.F.R. §§ 404.1546, 416.946. The burden is on the plaintiff to demonstrate that her condition meets a listed impairment. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Along those lines, the plaintiff maintains that the medical evidence in this case indicates intensity, frequency, and duration as to serious interference with the claimant's ability to function. Yet the ALJ properly

---

[1] Though the record indicates she was able to form a professional relationship with the plaintiff, the record does not include any opinion by Dr. Dionisio on the plaintiff's disability in regard to capacity to work. *See* AR 136-53, 289-324.

considered the plaintiff's condition as a whole in making his findings and in determining the RFC. He properly examined evidence of her arthritis, depression, anxiety, high cholesterol, and diabetes mellitus. See AR 15-19, 136-79.

Fourth, the plaintiff claims that the ALJ did not consider the "requirement" for the claimant to have the ability to hold a job for a significant period of time. The plaintiff cites as authority *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999). However, this court does not follow the Ninth Circuit's rule in regard to a durational requirement. *See, e.g.*, *Garland v. Astrue*, 2008 U.S. Dist. LEXIS 45270, 2008 WL 2397566 (E. D. Ky. 2008); *Wilder v. Astrue*, 2009 U.S. Dist. LEXIS 20170, 2009 WL 650527 (E. D. Ky. 2009). "Implicit in the RFC assigned to the [p]laintiff by the ALJ is a finding that the [p]laintiff is capable of maintaining employment." *Garland*, 2008 WL 2397566, at *6. Here, the RFC assigned to the plaintiff by the ALJ implies that she can maintain a job as long as the stated limitations are followed; the plaintiff has failed to show why a person with her RFC would be inherently unable to hold a job.

Fifth, the plaintiff contends that the hypothetical question posed to the vocational expert, Dr. Jackie Rogers ("VE"), was flawed. However, the question included all the relevant information which pertained to the plaintiff, including all of the limitations the ALJ included in his RFC.[2] *See* AR 316-17. In answering, the

---

[2]"If we assume a person of Ms. Johnson's age, education and experience, let's say with the light, the capacity to perform at either a light or a sedentary exertional level. No rapid or repetitive flexion or extension of the wrist. Occasional reaching, grasping or other motor manipulation with the hands. No use of vibrating hand

6

VE testified that someone with the plaintiff's vocational profile could perform work such as a quality control employee, office helper, or machine operator. *See* AR 317.  The ALJ properly relied on the VE's testimony in this regard. *See Foster*, 279 F.3d at 356-57.

Sixth, the plaintiff contends that her own testimony was ignored.  Yet the ALJ spoke with her about her issues and listened to her testimony in person at a hearing. *See* AR 18-19, 289-324.  It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).  The record indicates that the ALJ took her testimony into consideration; he noted that "the claimant is trying to make her symptoms sound significantly more severe than they actually are."  AR 19.  He found issues with her credibility and responsibility – not taking prescribed medication; stating she did not want to be around others, but dating and seeing friends; and blaming her inability to afford treatments and medications on financial problems, but finding means to obtain cigarettes daily. *See* AR 289-324.  An ALJ's conclusions about credibility should not be discarded lightly and should be accorded deference. *See Hardaway v. Sec'y of Health and Human Servs.*, 823

---

tools or work on vibrating equipment.  Preferably shouldn't have entry-level work with simple, repetitive procedures.  No frequent changes in work routines.  No requirement for detailed or complex problem-solving.  Occasional interaction with the general public, again preferably should work primarily with objects as opposed to people.  Could such a person perform any of Ms. Johnson's past work?"  AR 316-17.

F.2d 922, 928 (6th Cir. 1987) (citing *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).  The plaintiff has not shown why any specific portion of her testimony should have been considered especially credible, and she has not disputed the ALJ's specific reasons for doubting her testimony.  To the extent the plaintiff has failed to explain how the ALJ's findings of her credibility were not supported by substantial evidence, the ALJ's findings in this regard will not be disturbed.

Finally, the plaintiff states that there is not enough evidence to support a finding of no disability, for there are numerous errors in the record.  Other than what the plaintiff stated elsewhere in her motion, this generalized claim is not supported by any discussion of which "numerous errors" the plaintiff contests.  Despite her contentions, relevant legal standards were properly applied.  *See Brainard,* 889 F.2d at 681(citing *Richardson*, 402 U.S. at 401).  Examination of the record and the plaintiff's concerns reveals no issue that causes the court to find a lack of substantial evidence or that the ALJ misapplied the law.

**IV.**     **Conclusion**

**IT IS ORDERED** that the ALJ's decision to deny benefits is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 10) is **DENIED**.


Signed on  August 10, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY